IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05577-PAB

MARIO ALBERTO VADO SALAS,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, et al.,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Mario Alberto Vado Salas' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND[1]

Petitioner is a citizen of Nicaragua. Docket No. 1 at 2. He "was inspected and paroled into the United States . . . in October 2022" under 8 U.S.C. § 1182(d)(5)(A). *Id.* at 2, 11. He was ordered removed on October 14, 2026, and his appeal to the Board of Immigration Appeals is pending. *Id.* at 2.

On July 17, 2026, Immigration and Customs Enforcement ("ICE") arrested petitioner at his workplace in Florida. *Id.* at 13. On August 5, 2026, an immigration judge ("IJ") in Florida denied bond, finding that petitioner "has not met his burden in

---

[1] The following facts are undisputed unless otherwise noted.

establishing that he is a suitable bail risk [because] he has not presented any proof that he owns any property/savings in the United States, no proof of any stable employment in the United States, and no proof that [he] filed any application of relief with either the Immigration Court/USCIS." *Id.* at 13; Docket 1-1 at 3.[2] Petitioner was then transferred to the Denver Contract Detention Facility in Aurora, Colorado, where he remains detained. Docket No. 1 at 10, 13.

On October 26, 2026, petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, arguing, among other things, that his detention violates his due process rights under the Fifth Amendment because the burden of proof was placed on him at the August 5, 2026 bond hearing. *Id.* at 2, 5, 16. For relief, petitioner requests that the Court order respondent to provide him a bond hearing where the government bears the burden of proof or, alternatively, order respondent to release him from custody. *Id.* at 4, 19.

On November 10, 2026, respondent filed a response. Docket No. 7. Respondent does not provide any opposition to the petition. *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of the Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

[2] Applicant alleges that he requested a custody redetermination hearing on September 1, 2026, under 8 C.F.R. § 1003.19(e) based on changed circumstances, but the IJ has yet to consider or rule on the request. *Id.* at 14.

## II. ANALYSIS

As an initial matter, it is undisputed that petitioner is detained under 8 U.S.C. § 1226(a). Docket No. 1 at 14-15, 18; Docket No. 2 at 1-2; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

When reviewing an IJ's decision in a bond hearing under § 1226(a), the scope of the Court's review is narrow. The Immigration and Nationality Act provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026).

But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). "Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." *Castillo v.*

*Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) (collecting cases). "Thus, the Court can 'review the nature and structure of [an IJ's] opinion for the minimal indicial of due process.'" *Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (quoting *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026)). And in the context of § 1226(a) bond hearings, due process requires the government to "establish that continued detention is justified by clear and convincing evidence." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024); *Mota Villareal v. Baltazar*, No. 26-cv-02030-PAB, 2026 WL 2640620, at *2 (D. Colo. Sep. 8, 2026) (finding that a "bond hearing failed to provide petitioner with an adequate bond hearing under § 1226(a) because it is undisputed that the immigration judge placed the burden of proof on the petitioner instead of the government"); *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) ("'[A] noncitizen can demonstrate that a bond hearing was constitutionally inadequate by showing that the immigration judge 'simply did not apply the correct standard to the facts.'").

Here, it is undisputed that the IJ placed the burden of proof on petitioner at the August 5, 2026, bond hearing. Docket No. 1 at 2; *see generally* Docket No. 7. As petitioner alleges, in the written order denying bond, the IJ explicitly stated that petitioner "ha[d] not met his burden." Docket No. 1-1 at 3. Based on this, the IJ violated petitioner's due process rights by failing to hold the government to its burden of proof to

show that petitioner's continued detention was proper by clear and convincing evidence. Accordingly, the Court finds that petitioner is entitled to relief.[3]

Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order respondent to "release Petitioner from detention." Docket No. 7 at 2. Petitioner, as an alternative request, also seeks his release from detention. Docket No. 1 at 4, 19. Thus, the Court will order respondent to release petitioner.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Mario Alberto Vado Salas' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It Is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 12, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

[3] Because the Court will grant the habeas petition on petitioner's first due process claim, it will not reach petitioner's remaining claims and requests for relief. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").